THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR05-0022-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WYLIE G. HUNTER, | |
| Defendant. | |

This matter comes before the Court on Defendant Wylie Hunter's unopposed motion for early termination of supervised release (Dkt. No. 42).[1] Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In May 2005, Mr. Hunter pled guilty to one count of bulk cash smuggling. (Dkt. No. 14.) Mr. Hunter was sentenced to four months of imprisonment followed by three years of supervised release. (Dkt. No. 19.) In August 2007, while Mr. Hunter was on supervised release, he was arrested in Idaho for possession of marijuana with intent to deliver. (Dkt. No. 36.) Mr. Hunter

---

[1] Mr. Hunter is currently under supervision in Idaho, and has represented in his briefing that his U.S. Probation officer has taken a "neutral position" to Mr. Hunter's motion for early termination. (Dkt. No. 42 at 2–3.)

pled guilty in Idaho state court and served a 10-year sentence. (Dkt. No. 36.)

On October 18, 2017, following the completion of his Idaho sentence, Mr. Hunter initially appeared for proceedings on revocation of his supervised release. (Dkt. No. 30.) On October 27, 2017, the Court imposed a sentence of time served followed by 18 months of supervised release. (Dkt. No. 37.) Mr. Hunter now moves for early termination of his period of supervised release, which is scheduled to end on April 27, 2019. (Dkt. No. 42.)

## II. DISCUSSION

The Court may terminate a term of supervised release at any time after the defendant has served at least one year of the term if it finds that termination is warranted by the defendant's conduct, and that doing so is in the interests of justice. 18 U.S.C. § 3583(e)(1). When ruling on a motion for early termination, the Court must consider various factors, including the nature of the defendant's crime, the defendant's characteristics, the need to protect the public from further criminal conduct, the need to provide the defendant access to correctional support, and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *Id.* (citing factors in 18 U.S.C. § 3553(a)).

Mr. Hunter is 63 years old, and had a Category 1 criminal history when he committed his federal offense. (Dkt. No. 42.) Mr. Hunter has complied with the terms of his supervised release over the past year, and will continue to be under supervision in Idaho following the expiration of federal supervision. (*Id.*) Mr. Hunter has expressed a desire to go to Arizona to undergo surgery to address injuries he sustained in 2017 so that friends and family may assist in his recovery. (*Id.*) Mr. Hunter also notes that his sentence under Idaho state law for his recent criminal activity was significantly longer than if he had been sentenced under federal law. (Dkt. Nos. 35, 42.)

Mr. Hunter's compliance with the terms of his present period of supervised release is commendable, and the Court acknowledges the substantial sentence he served in Idaho. But Mr. Hunter's present period of supervised release was necessitated by his commission of various violations of his prior term of supervised release, including a serious criminal offense: possession

with intent to distribute approximately 75 pounds of marijuana. (Dkt. Nos. 36, 37, 42.) When the court imposed the present period of supervised release, it considered many of the factors that Mr. Hunter now asserts justify early termination: his age, his criminal history category when he was initially sentenced, his criminal conduct in Idaho, and his continued supervision in Idaho following the expiration of his federal supervision. (*See*, Dkt. Nos. 35, 36). Mr. Hunter's desire to go to Arizona for medical treatment does not merit early termination of his present term of supervised release in light of the seriousness of his underlying criminal conduct.

## III. CONCLUSION

For the foregoing reasons, Defendant Wylie Hunter's motion for early termination of supervised release (Dkt. No. 42) is DENIED.

DATED this 4th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE